D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

               Plaintiff,

        -against-

JOHN DOE subscriber assigned IP address 47.16.97.85,

               Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**19-CV-00945 (NGG)(RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Strike 3 Holdings, LLC ("Strike 3") has moved ex parte, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a Rule 45 subpoena prior to a Rule 26(f) conference. (See Mot. To Serve Subpoena ("Mot.") (Dkt. 5).) Specifically, Strike 3 seeks to serve a subpoena on Optimum Online ("Optimum"), an Internet Service Provider ("ISP"), to ascertain the identity of the John Doe defendant in this case, whose Internet Protocol ("IP") address has been associated with alleged infringement of Strike 3's copyrighted works. (See Mem. in Supp. of Mot. ("Mem.") (Dkt. 5-1).) For the following reasons, Plaintiff's motion is GRANTED.

## I. FACTUAL BACKGROUND

Strike 3 is an adult entertainment company that holds the copyright to numerous adult films, which are distributed to paying subscribers through a variety of websites. (See Compl. (Dkt. 1) ¶ 2.) To prevent infringement of its copyrights, Plaintiff has contracted with investigations firm IPP International UG ("IPP") to monitor the internet for illegal distribution of its films. (See Decl. of Tobias Fieser ("Fieser Decl.") (Dkt. 5-3) ¶¶ 4-5.) IPP uses forensic software to track the IP addresses of computers that share Plaintiff's films through peer-to-peer networks using BitTorrent to share files. (Id. ¶¶ 5-7.) BitTorrent is a software protocol that

1

divides digital files into parts to make sharing the file with other computers on a network more efficient. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 83 (E.D.N.Y.), report & recommendation adopted sub nom., Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012). Once a file has been divided into parts, BitTorrent creates a "torrent"—essentially, a master list of the parts and a set of instructions that allows a computer to reassemble parts downloaded from a network into the original file. Id. Upon opening a torrent, a user's computer requests parts from other computers on the network—commonly called "peers"—and begins downloading. See Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Once one or more parts have downloaded, the user's computer will also begin uploading those parts to other peers that make requests for the same file, in the process sharing the computer's IP address with those requestors. See id.; see also Compl. ¶¶ 17-19.

IPP downloaded several of Strike 3's films via a BitTorrent network and captured the IP addresses of computers that were hosting and sharing the films. (See Fieser Decl. ¶¶ 7-11.) Based on IPP's data, Strike 3 alleges that Defendant, identified only as the user associated with the IP address 47.16.97.85, downloaded and shared 56 of its films. (Compl. ¶ 4.) Accordingly, Plaintiff has requested leave to serve Optimum, Defendant's ISP, with a subpoena requiring it to disclose the identity of the account holder associated with the allegedly infringing IP address.

## II. LEGAL STANDARD

Parties may not generally engage in discovery before satisfying the meet and confer requirement of Federal Rule of Civil Procedure 26(f). See Digital Sin, 279 F.R.D. at 241. However, a party may engage in expedited discovery pursuant to a court order. Fed. R. Civ. P. 26(d)(1). In this circuit, courts assess applications for expedited discovery prior to a Rule 26(f) conference under a "flexible standard of reasonableness and good cause." Id.

(quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). When, as here, a party makes an ex parte motion, courts apply "particularly careful scrutiny." Ayyash, 233 F.R.D. at 327.

The Second Circuit has held that courts should examine the following factors when considering whether a copyright infringement plaintiff has established good cause for expedited discovery: (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm from infringement, (2) the specificity of the request for discovery, (3) the absence of alternative means to obtain the subpoenaed information, (4) the plaintiff's need for the subpoenaed information to advance the claim, and (5) the defendant's expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citation omitted).[1]

## III. DISCUSSION

### A. The Arista factors

All of the Arista factors weigh in Strike 3's favor, and, as such, Strike 3's motion for expedited discovery is granted.

First, Strike 3 has established a prima facie claim for copyright infringement. To make out an infringement claim, a plaintiff must demonstrate "(1) ownership of a valid copyright in the item and (2) unauthorized copying." Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C., 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003)). Strike 3 has provided Copyright Registration numbers indicating that it is the owner of valid copyrights for most of the films it

---

[1] Although first articulated in an opinion deciding a motion to quash a Rule 45 subpoena to an anonymous defendant's ISP, courts have also applied the factors when assessing a plaintiff's initial ex parte motion for a Rule 45 subpoena. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. at 80.

alleges that Defendant downloaded. (See Table of Infringed Works (Dkt. 1-2).)² Taking the record as a whole, Plaintiff has also alleged with sufficient specificity the date and time the alleged copying occurred and the technological means Defendant employed to copy its films. (See Compl. ¶¶ 17-32; Table of Infringed Works; Fieser Decl. ¶¶ 4-12; Decl. of Susan Stalzer (Dkt. 5-5) ¶¶ 7-11.)

Second, Plaintiff has made a request for discovery that is sufficiently specific, asking for Optimum to provide only Defendant's name and physical address. See Malibu Media, LLC v. Doe, No. 14-CV-4808 (JS), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (collecting BitTorrent copyright infringement cases where subpoenas of similar scope were granted). The information provided should be sufficient for Strike 3 to serve Defendant with notice of this suit.

Third, the court is unaware of other means that Plaintiff could use to gain access to the information it seeks through its subpoena. As other courts have noted, an ISP is the only entity that can identify the owner of a particular IP address, and federal regulations generally prevent civil litigants from accessing an ISP's records without a subpoena. See, e.g., John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) ("[U]se of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." (citation omitted)); Digital Sin, 279 F.R.D. at 241 (S.D.N.Y. 2012) (explaining that "[a]bsent a [c]ourt-ordered subpoena, many of the ISPs, who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of the putative defendants").

---

² The vast majority of Plaintiff's films have been registered, but several are listed only with application numbers from the Copyright Registration Office. (See Entries 8, 21, 43, 46 in Table of Infringed Works.) Courts in the Eastern and Southern Districts of New York have held that lack of registration is a fatal defect to a claim of copyright infringement. See K-Beech, Inc. v. Does 1-29, No. 11-CV-3331(JTB), 2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2011) (explaining that "[w]hile failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim"). However, Strike 3's remaining valid copyrights serve as an adequate basis for requesting expedited discovery.

Fourth, without Defendant's physical address, Plaintiff will be unable to proceed because it will be unable to effectuate service. See In re Various Strike 3 Holdings, LLC Copyright Infringement Cases, No. 17-CV-6717 (ENV), 2018 WL 3404142, at *3 (E.D.N.Y. July 11, 2018) (reasoning that "without the ability to subpoena the internet service provider, plaintiff will be unable to serve each defendant, which would effectively terminate each action without an adjudication on the merits").

Finally, although Defendant has a recognized privacy interest in her IP address, this interest is outweighed by Plaintiff's allegations of copyright infringement. See Arista Records, 604 F.3d at 124 ("[Defendant's] expectation of privacy for sharing copyrighted music through an online file-sharing network [was] simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

## B. Protective Order

Although Strike 3's motion is granted, the court finds that there is also good cause to issue a protective order to protect Defendant from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). BitTorrent copyright infringement cases involving anonymous defendants are subject to unique risks of false positive identification because the account holder whose identity is disclosed to the plaintiff may not be the individual who infringed the plaintiff's copyright. See Digital Sin, 279 F.R.D. at 242 (noting that, during an ex parte conference, plaintiff's counsel had "estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material" (emphasis omitted)). Beyond being mistakenly brought into litigation, account holders face the additional risk of reputational harm if plaintiffs publicly, but incorrectly, accuse them of infringing the copyright to an adult film. See Digital Sin, Inc. v. Does 1-27, No. 12-CV-3873

5

(JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012). Moreover, as other courts have noted, a protective order is particularly appropriate in BitTorrent copyright infringement cases involving adult films (and especially in cases involving Strike 3) because few of these cases move beyond the filing of a complaint and granting of a motion for expedited discovery. See Strike 3 Holdings, LLC v. Doe, No. 19-CV-1152 (MPS), 2019 WL 3859514, at *2-4 (D. Conn. Aug. 16, 2019) (noting that "[t]his case is one of over one hundred cases brought in this District since 2017 by . . . Strike 3 . . . against a John Doe defendant. . . ." and that "In nearly every case, Strike 3 has filed a notice of voluntary dismissal before any defendant appeared to answer the complaint."). Several courts have cited this trend as a growing cause for concern due to the significant possibility that the subpoenaed information may be used to procure a coercive settlement. See id. at *4; Strike 3 Holdings, LLC v. Doe, 331 F.R.D. 14, 18 (E.D.N.Y. 2019).

Accordingly, while Strike 3's motion is granted, the court also orders the following protective conditions. Failure to comply with any of these conditions may result in sanctions.

1) Strike 3 may immediately serve a Rule 45 subpoena on Optimum, the ISP identified in its motion, to obtain information to identify John Doe, specifically his true name and current and permanent address. Plaintiff may not subpoena Optimum for John Doe's email addresses or telephone numbers. The subpoena shall attach a copy of this order, along with the attached "Notice to Defendant."

2) Optimum will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the attached "Notice to Defendant." The order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Optimum may serve John Doe using any reasonable means, including written notice sent to his last known address, transmitted by first-class mail or overnight service.

3) John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Optimum may not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period. Additionally, if John Doe or Optimum files a motion to quash the subpoena, Optimum may not turn over any information to Strike 3 unless the court issues an order instructing Optimum to do so.

4) If that 60-day period lapses without John Doe or Optimum contesting the subpoena, Optimum shall have 10 days to produce the information responsive to the subpoena to Plaintiff. John Doe, should he move to quash the subpoena or to proceed anonymously, shall at the same time as his filing notify Optimum.

5) Optimum shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6) Optimum shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Optimum elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

7) Strike 3 shall provide a copy to Optimum of this Memorandum and Order along with any subpoenas issued pursuant to this order.

8) Any information ultimately disclosed to Strike 3 in response to the subpoena authorized by this order may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

9) Strike 3 shall file on the docket, under seal, the terms of any settlement agreement with Defendant John Doe. Should Strike 3 choose to dismiss this case for reasons other than settlement, it shall file a statement so indicating and identifying those reasons on the docket.

10) Even after any dismissal, the court will retain jurisdiction for the purposes of enforcing this order.

## IV. CONCLUSION

For the reasons set out above and subject to the conditions ordered herein, Plaintiff's motion to serve a Rule 45 subpoena on Optimum (Dkt. 5) to obtain the Defendant's identity and physical address is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 27, 2019

NICHOLAS G. GARAUFIS
United States District Judge

# NOTICE TO DEFENDANT

1. You are the defendant in <u>Strike 3 Holdings, LLC v. John Doe</u>, No. 2:19-CV-00945-NGG-RLM, a case now pending before the Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York.

2. Attached is an Order from Judge Garaufis, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed <u>pro se</u> (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed <u>pro se</u>, all communications with the court should be through the Pro Se Office of the United States District Court for the Eastern District of New York. The Pro Se Office is located in the United States Courthouse, 225 Cadman Plaza East, New York, N.Y. 11201, and may be reached by telephone at (718) 613-2665.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed one or more adult films using your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive this notice from your ISP. If you choose to proceed <u>pro se</u>, your motion to quash or modify the subpoena should be mailed to the Pro Se Office.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office. This information is <u>solely for use by the court</u> and the court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed <u>pro se</u>, your letter should be mailed to the Pro Se Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the court says otherwise.